IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| FRANKLIN W. BIAS, #00719642 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv291 |
| TDCJ-CID, ET AL. | § | |

### REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Franklin Bias, an inmate confined at the Michael Unit within the Texas Department of Criminal Justice proceeding *pro se*, filed this civil rights lawsuit. The cause of action was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The present Report concerns Plaintiff's motions for class certification, (Dkt. #17), and motion for joinder, (Dkt. #18). For reasons explained below, the Court recommends that both motions be denied.

**I. Plaintiff's Motions**

In his motion for class certification, Plaintiff states that he and other "class members" seek class certification because the class is numerous, common questions of law exist, and the claims/defenses are typical of the claims/defenses of the class. He also recounts the requirements of Rule 23(a) of the Federal Rules of Civil Procedure and seeks the appointment of counsel.

Turning to the motion for joinder, Plaintiff submitted fifteen affidavits of other TDCJ offenders seeking to join the class. Each affidavit, signed by each of the members of the proposed class, states that the signatory, too, has been deprived of First Amendment and Fourteenth Amendment rights, as the new Board Policy is "content based, vague, and overbreadth [sic]."

1

Plaintiff's "motion for joinder," as he cites Rule 23, is essentially another motion for class certification or the affidavits in support thereof.

## II. Discussion and Analysis

Class actions are governed by Rule 23 of the Federal Rules of Civil Procedure. In pertinent part, the rule states:

> **(a) Prerequisites**. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

The Supreme Court has explained that Rule 23 does not set forth a mere pleading standard; rather, a party seeking class certification must affirmatively demonstrate his compliance with the Rule. *Wal-Mart v. Dukes*, 564 U.S. 338, 350 (2011).

Moreover, the district court must conduct a rigorous analysis of the Rule 23 requirements before certifying class action. *See General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982). The party seeking certification bears the burden of proof. *Horton v. Goose Creek Ind. Sch. Dist.*, 690 F.2d 470, 486 (5th Cir. 1982), *cert. denied*, 463 U.S. 1207 (1983).

Here, while Plaintiff Bias addressed each of the pre-requisites required for class certification, he merely recites the elements in a conclusory fashion. In other words, the motion is conclusory and vague—thereby failing to affirmatively demonstrate compliance with Rule 23. *See McGrew v. Texas Bd. of Pardons and Paroles*, 47 F.3d 158, 162 (5th Cir. 1995) (finding that plaintiff's motion for class certification—which alleged that there were numerous other inmates having an interest in his action, but failed to address the other requirements of Rule 23—was insufficient); *Songer v. Dillon Res., Inc.*, 569 F.Supp.2d 703, 707 (N.D. Tex. 2008) (explaining that conclusory allegations were insufficient to support class certification).

Additionally, Plaintiff Bias has not shown that he will fairly and adequately represent the interests of the class. Federal courts generally hold that *pro se* plaintiffs cannot fairly and adequately represent the interests of a class. *See Anderson v. Moore*, 372 F.2d 747, 751 n.5 (5th Cir. 1967); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (affirming the district court's decision that *pro se* litigant cannot adequately represent putative class); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (explaining that the competence of a non-attorney was "clearly too limited to allow him to risk the rights of others"). Here, Plaintiff Bias has failed to articulate how—or affirmatively demonstrate that—he would fairly or adequately represent the class action.

Plaintiff's requests for injunctive and declaratory relief are also fatal to his motions. Several circuits, including the Fifth Circuit, have held that the district court may properly deny class certification where a class is not needed to achieve the same result. *See United Farmworkers of Fla. Housing Proj., Inc. v. City of Delray Beach*, 493 F.2d 799, 812 (5th Cir. 1974); *Dionne v. Bouley*, 757 F.2d 1344 (1st Cir. 1985).

In this case, a class action is not necessary because the same relief can, for all practicable purposes, be obtained through the entering of permanent injunctive relief if such relief is shown to be warranted. *See Fairley v. Forrest Cnty., Miss.*, 814 F. Supp. 1327, 1329-30 (S.D. Miss. 1993) (explaining that wherein declaratory and injunctive relief sought would have the same effect as a class action regardless of whether or not a class is actually certified, class certification is unnecessary).

Here, if Bias succeeds on his First Amendment claims, then the relief he seeks (a permanent injunction and a declaratory judgment) would benefit each and every prisoner housed at the Michael Unit and throughout TDCJ. Therefore, the Court finds that a class action is unnecessary

given Plaintiff's requests for injunctive relief. Because the Court finds that a class action is unnecessary in this case, Plaintiff's request for class counsel should be denied as well.

## RECOMMENDATION

For these reasons, it is recommended that Plaintiff Bias's motion for class certification, (Dkt. #17), and "motion for joinder," (Dkt. #18), be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 14th day of July, 2022.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE