IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| FRANKLIN W. BIAS, #00719642 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv291 |
| TDCJ-CID, ET AL. | § | |

<u>REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE</u>

Plaintiff Franklin Bias, a prisoner confined at the Michael Unit within the Texas Department of Criminal Justice (TDCJ), proceeding *pro se*, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The present Report concerns Bias's motion for a temporary restraining order, (Dkt. #20). For reasons explained below, the Court recommends that the motion be denied.

**I. Plaintiff Bias's Motion**

Bias explains that the Warden at the Michael Unit initiated a lockdown to eliminate contraband, as "officers have been informed that all photographs, magazines and catalogs considered to be erotic in nature is contraband, [and] that confiscation of items that do not need to be documented and shall be immediately destroyed," (Dkt. #20, pg. 1). He further states that "these items were approved for purchase by the senior warden, allowed ownership by the Directors Review Committee and paid for by the inmates at cost of tens of thousands of dollars." *Id*.

1

Bias seeks an order for the "class members," as the "constitutional rights of hundreds people depend on it." The Court notes that it previously denied Plaintiff's motion for a class certification and motion to join parties in this case, (Dkt. #25).

## II. Legal Standards

A party seeking a preliminary injunction must establish four elements: (1) that there is a substantial likelihood the party will prevail on the merits; (2) that a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendants; and (4) that the granting of the preliminary injunction will not disserve the public interest. *See Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 288 (5th Cir. 2012). Relief should only be granted if the party seeking relief has clearly carried the burden of persuasion as to all four elements. *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003).

The equitable injunctive power of federal courts will not be exercised save in exceptional cases to prevent irreparable injury which is clear and imminent. *See Heath v. City of New Orleans*, 320 F.Supp. 545, 546 (E.D. La. 1970), *aff'd* 435 F.2d 1307 (5th Cir. 1971). "Irreparable harm" means an injury which cannot be adequately addressed by a monetary award." *Spiegel v. City of Houston*, 636 F.2d 997, 1001 (5th Cir. 1981).

Mere speculation or conclusory allegations of an irreparable injury is insufficient. *Daniels Health Sciences, L.L.C. v. Vascular Health Sciences, L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013); *see also Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (conclusory allegations of irreparable harm do not entitled movant to injunctive relief); *Coleman v. Bank of New York Mellon*, 2013 WL 1187158 at *8 (N.D. Tex. Mar. 4, 2013) ("These unsupported, conclusory statements are insufficient to demonstrate entitlement to the extraordinary relief of a TRO and preliminary

injunction."); *Mitchell v. Sizemore*, 2010 WL 457145 at *3 (E.D. Tex. Feb. 5, 2010) ("His vague and conclusory allegation that he is undergoing 'a number of problems' is insufficient to show entitlement to injunctive relief.").

### III. Discussion and Analysis

Bias's motion should be denied. As an initial matter, Bias is raising his concerns on behalf of many additional prisoners at the Michael Unit; however, a person who claims deprivation of a constitutional right must "prove some violation of their constitutional rights." *See Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986). Moreover, in order for a litigant to establish standing, the litigant must at minimum show that: (1) he personally has suffered actual or threatened injury as a result of the putatively illegal conduct of the defendant; (2) that the injury fairly can be traced to the challenged action; and (3) that the injury is likely to be redressed by a favorable decision. *Cramer v. Skinner*, 931 F.2d 1020, 1024 (5th Cir. 1991).

The Supreme Court has identified three prudential concerns which the district court must identify in determining standing: (1) whether the plaintiff's complaint falls within the zone of interests protected by the statute or constitutional provision at issue; (2) whether the complaint raises abstract questions amounting to generalized grievances which are more appropriately resolved by the legislative branch; and (3) whether the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties. *Cramer*, 931 F.2d at 1024; *see Allen v. Wright*, 468 U.S. 737, 751 (1984).

Here, Bias failed to establish the elements required for a temporary restraining order. While he explains that prisoners are suffering harm, he provides no facts and no specifics. Bias explains that unidentified items were "approved for purchase by the Senior Warden," which were paid for by the prisoners—but he does not provide details. He failed to present facts demonstrating harm

and that are specific to himself; he cannot demonstrate irreparable injury stemming from conclusory allegations and for his concern for other prisoners' complaints. As mentioned, the Court previously denied Plaintiff's motion for class certification and joinder of parties, (Dkt. #25).

To the extent that Bias asserts that he was subject to a lockdown and that items were destroyed, he offers no specifics whatsoever. Accordingly, Bias's conclusory allegations of harm are insufficient to establish entitlement to the extraordinary relief of a temporary restraining order.

## RECOMMENDATION

Accordingly, it is recommended that Plaintiff Bias's motion for a temporary restraining order, (Dkt. #20), be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 26th day of January, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE